IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **EARL RAMOND BEN,** § | |
| Plaintiff, § | |
| § | |
| v. § | EP-13-CV-23-KC |
| § | |
| **CORPORAL BRINKS, CORPORAL** § | |
| **CEJA, and EL PASO COUNTY** § | |
| **JAIL ANNEX,** § | |
| Defendants. § | |

### ORDER ACCEPTING THE REPORTS AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE

In an amended complaint (ECF No. 18), Plaintiff Earl Ramond Ben ("Ben"), a former prisoner at the El Paso County Jail Annex in El Paso, Texas,[1] alleges that on January 11, 2013, Defendant Corporal Ceja ("Ceja") violated his Eighth Amendment rights when he sexually assaulted him while he slept by rubbing and touching his inner thighs and buttocks.[2] He adds that when he awoke, Ceja threatened to have him killed if he "made any complaints to the authorities."[3] He then claims that when he reported the incident, jail officials retaliated against him by refusing to investigate his grievance, destroying his legal papers, initiating disciplinary actions against him, and denying him access to a law library. He also asks that the Court grant him leave to withdraw his claims against Corporal Brinks.

In a motion to dismiss under Federal Rule of Civil Procedure 12(b) (ECF No. 22), Defendant El Paso County Jail Annex asks the Court to dismiss all claims against it "because

---

[1] Ben is currently in the custody of the Texas Department of Criminal Justice at the Gib Lewis Unit in Woodville, Texas.

[2] Pl.'s Am. Compl. 1, Mar. 22, 2013, ECF No. 18.

[3] *Id.*

said entity does not have the capacity to be sued."[4]  Ben responds with a motion to voluntarily dismiss his claims against Defendant El Paso County Jail Annex (ECF No. 24).  In a report and recommendation (ECF No. 47), the United States Magistrate Judge to whom the Court referred this matter opines the Court should grant Ben's motion.[5]

In a second report and recommendation (ECF No. 50), the Magistrate Judge recommends that the Court dismiss Ben's remaining claims, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.  The Magistrate Judge notes that a sexual assault on a prisoner by a correctional officer violates the Eighth Amendment only if: (1) the sexual abuse was sufficiently serious, and (2) the prison official acted with a sufficiently culpable state of mind.[6]  Accordingly, only "severe or repetitive" sexual abuse rises to the level of an Eighth Amendment violation.[7]  In the instant case, the Magistrate Judge finds that, "[a]ccepting Plaintiffs factual allegations as true, the 'assault' is simply not severe enough to be objectively sufficiently serious or egregious to state a constitutional violation."[8]  Moreover, she notes, "'mere

---

[4] Def.'s Mot. to Dismiss 1, Apr. 11, 2013, ECF No. 22 (citing *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991) ("In order for a plaintiff to sue a city department, it must "enjoy a separate legal existence.  Pursuant to these principles, we have held that a political subdivision cannot pursue a suit on its own unless it is a separate and distinct corporate entity.  Accordingly, our cases uniformly show that unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself.") (quotation marks and citations omitted)).

[5] *See* 28 U.S.C. § 636(b)(1)(B) (2006) (permitting a district court, on its own motion, to refer a pending matter to a United States Magistrate Judge for a report and recommendation).

[6] *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997); *see also Harper v. Showers*, 174 F.3d 716, 719–70 (5th Cir. 1999) .

[7] *Boddie*, 105 F.3d at 861.

[8] Report and Recommendation 5, Feb. 13, 2014, ECF No. 50.

threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations[.]'"[9] Finally, she recommends that, because the Court's jurisdiction over the remaining claims under state law "is based solely on supplemental jurisdiction," the Court should decline to exercise jurisdiction over the remaining claims.[10]

The Magistrate Judge gave the parties fourteen days to file written objections to his proposed findings, conclusions, and recommendations.[11] A party who files timely written objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects.[12] As to other portions of the report or when a party does not file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review.[13] After completing its review, the Court may accept, reject, or modify

---

[9] *Id.* at 6 (quoting *Robertson v. Piano City of Tex.*, 70 F.3d 21, 24 (5th Cir. 1995) (citing with approval *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (explaining verbal harassment consisting of sheriffs threat to "hang" a prisoner did not state constitutional deprivation actionable under § 1983)).

[10] *Id.* at 6–7.

[11] *See* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); FED. R. CIV. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

[12] *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[13] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) ("[T]he 'clearly erroneous, abuse of discretion and contrary to law' standard of review . . . is appropriate . . . where there has been no objection to the magistrate's ruling.").

the report, in whole or in part.[14]  To date, neither party has responded to either report.[15]

Accordingly, after reviewing the two reports, the Court finds that the Magistrate Judge's proposed findings of fact and conclusions of law are neither clearly erroneous nor contrary to law.[16]  Therefore, the Court enters the following orders:

1.  The Court **ACCEPTS** the Magistrate Judge's reports and recommendations (ECF Nos. 47, 50).

2.  The Court **GRANTS** Plaintiff Earl Ramond Ben's request for leave to withdraw his claims against Defendant Corporal Brinks (ECF No. 18) and his motion to voluntarily dismiss his claims against Defendant El Paso County Jail Annex (ECF No. 24) .

3.  The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff Earl Ramond Ben's claims against Defendant Corporal Brinks and Defendant El Paso County Jail Annex.  The Court additionally **DENIES AS MOOT** Defendant El Paso County Jail Annex's motion to dismiss (ECF No. 22).

4.  The Court **DISMISSES WITH PREJUDICE** Plaintiff Earl Ramond Ben's Eighth Amendment claims against Corporal Ceja alleging sexual assault and threat of physical injury for

---

[14] *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); FED. R. CIV. P. 72(b) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

[15] *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988) ("[A] party is not entitled to de novo review of a magistrate's finding and recommendations if objections are not raised in writing by the aggrieved party . . . after being served with a copy of the magistrate's report.").

[16] *Wilson*, 864 F.2d at 1221.

failing to state a claim on which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(ii).

5.  The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff Earl Ramond Ben's state law claims.

6.  The Court **DENIES** all pending motions, if any, as moot.

7.  The Court **ADVISES** Plaintiff Earl Ramond Ben's that this dismissal of his Eighth Amendment claims counts as a "**STRIKE**" pursuant to 28 U.S.C. § 1915.[17]  The Clerk will therefore provide a copy of this Order to the District Clerk for the Eastern District of Texas, Tyler Division, Attention:  Three Strikes Manager, 211 West Ferguson, Tyler, Texas 75702. *Should Ben accumulate three strikes, he may be denied* in forma pauperis *status, and required to pay the full filing fee, when filing additional civil actions or appeals, unless he demonstrates that he is in imminent danger of serious physical injury.*[18]

**SO ORDERED.**

**SIGNED** on this 10th day of March 2014.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[17] *See* 28 U.S.C. § 1915(g) (2006) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

[18] *See id.*